IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| DONALD CULKIN, Administrator and Personal Representative of the Estate of JOHN THOMAS MCCRAY, JR., deceased,  )<br>)<br>)<br>)<br>)<br>    Plaintiff,  )<br>)<br>        v.  )<br>)<br>CNH AMERICA, LLC et al.,  )<br>)<br>    Defendants.  ) | 1:08cv1066 (JCC) |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion to Remand. For the following reasons, the Court will **grant** the motion.

### **I. Background**

Plaintiff filed a products liability action for $2.5 million dollars on August 30, 2007 in the Circuit Court of Loudoun County, Virginia (Circuit Court). The complaint named four defendants: CNH America, LLC (CNH), CNH Global, N.V. (CNH Global), Case IH (Case), and Neff Rental, Inc. (Neff) (collectively, "Defendants"). Plaintiff served CNH on August 25, 2008, Case on August 26, 2008, and Neff on September 26, 2008. Neither party provides information on the service of CNH Global.

Neff was not served within the one year required by Virginia law. Va. Code § 8.01-275.1. Plaintiff filed a motion

1

for voluntary nonsuit against Neff under Va. Code § 8.01-380 on September 29, 2008.  The Circuit Court granted this motion on or about October 6, 2008.  On October 9, 2008, CNH filed a Notice of Removal with the Circuit Court.

On October 31, 2008 Plaintiff sent an Amended Complaint adding Neff as a defendant to the Circuit Court.  It is not clear from the record whether the Circuit Court accepted the Amended Complaint, even though the action had been removed to this Court, or whether Neff was actually served.

CNH asserts that McCray was a citizen of Louisiana at the time of his death.  Plaintiff, as legal representative of his estate, is thus deemed to be a citizen of that state as well.  28 U.S.C. § 1332(c)(2).  CNH is a limited liability company organized under the laws of Delaware with a principal place of business in Wisconsin.  CNH Global is a limited liability company organized under the laws of the Netherlands.  Neff is a Virginia corporation with a principal place of business in Virginia.  Case, according to CNH, is not an entity at all, but merely a brand name used by CNH to promote and sell agricultural equipment.

On November 3, 2008, Plaintiff moved to remand this action to the Circuit Court.  Defendant opposed the motion on November 17, 2008.  This motion is currently before the Court.

2

## II. Analysis

Plaintiff asks the Court to remand this case to the Virginia Circuit Court. As this case presents no federal question, diversity of citizenship provides the only basis for jurisdiction in federal court. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity of the parties and an amount in controversy that exceeds $75,000. Plaintiff prayed for over $2 million in damages in his complaint, satisfying the amount in controversy requirement. Further, neither party contests the fact that, without Neff, there is complete diversity between the parties.

A threshold issue for this Court is whether McCray was a citizen of Louisiana, as CNH asserts in its opposition to the Motion to Remand, Def.'s Mem. in Opp'n at 2, or a citizen of Virginia, as implied by the Plaintiff's filings and most of CNH's arguments. If McCray was a citizen of Louisiana, complete diversity existed among the parties from the date on which Plaintiff filed this suit in the Circuit Court. Based on the other representations of the parties, though, it appears more likely that Plaintiff was a citizen of Virginia. If he was, diversity did not exist until October 6, 2008, when the Circuit Court granted Plaintiff's motion for nonsuit against Neff, which explains why CNH did not remove this case to federal court until

October 10, 2008.  The primary issue in either situation, however, is whether Defendant CNH timely removed this action.

Plaintiff asserts that a second issue exists: that complete diversity does not exist because Plaintiff filed an Amended Complaint with the Circuit Court and Neff is now a defendant in that case.  The Amended Complaint, however, was sent to the Circuit Court more than three weeks after CNH removed Plaintiff's action to this Court and so has no effect on this proceeding.  *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (3d ed. 1990).[1]

If McCray was a citizen of Louisiana, 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . ."  CNH filed its Notice of Removal forty-six days after it received service of the Complaint.  In that situation, removal was untimely.

If McCray was a citizen of Virginia, 28 U.S.C. § 1446(b) provides that, in a civil action or proceeding not removable when first filed:

---

[1] The Court also notes that Plaintiff chose to file only the instant motion, rather than a motion to join Neff to this action and then remand it to the Circuit Court.

4

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Thus, the statute first requires a party seeking removal to file the notice of removal within thirty days of receipt of a pleading making the case removable. Plaintiff filed a notice of removal within thirty days of receipt of the order from the Circuit Court granting Plaintiff's voluntary non-suit against Neff. This order made the case removable for the first time because Neff, as a Virginia corporation with its principal place of business in Virginia, was the only non-diverse party to this action. After the Circuit Court dismissed Neff, the remaining parties qualified for diversity jurisdiction. 28 U.S.C. § 1332.

Second, § 1446(b) requires the party seeking removal to do so within "1 year after commencement of the action" where federal subject-matter jurisdiction is based on diversity. 28 U.S.C. § 1446(b). To apply this requirement to the situation at hand, the Court must determine when the action "commenced" for purposes of § 1446.

"[I]t is well-settled that state law governs the determination of the 'commencement of the action' for the purpose

of the one year limit on removal." *US Airways, Inc. v. PMA Capital Ins. Co.,* 340 F. Supp. 2d 699, 704 (E.D. Va. 2004) (collecting cases). A case is commenced in the Commonwealth of Virginia when it is filed with the court.[2] Rule 3:2 of the Rules of the Supreme Court of Virginia ("A civil action shall be commenced by filing a complaint in the clerk's office. . . . the action is then instituted and pending as to all parties defendant thereto."). Therefore, Defendant filed its Notice of Removal more than one year from the date of "commencement" of this action, which was August 30, 2007, the date on which Plaintiff filed the Complaint with the Circuit Court.

Defendant requests that the Court toll the one-year time period in § 1446 and asserts that Plaintiff cannot request the benefit of this time limit because of its inequitable conduct. CNH asserts that Plaintiff (1) delayed for nearly a year before attempting service on any Defendant, (2) failed to serve Neff within one year because it did not conscientiously look for Neff's current registered agent, and (3) included Neff as a defendant, with no intention of proceeding against it, to block diversity jurisdiction.

Although other circuits have allowed equitable tolling of the one-year limit in § 1446(b), *see Tedford v. Warner-Lambert*

---

[2] This rule is consistent with Federal Rule of Civil Procedure 3, which provides that a civil action "is commenced by filing a complaint with the court."

*Co.*, 327 F.3d 423 (5th Cir. 2003), the Fourth Circuit has referred, in dicta, to the one year limitation in 28 U.S.C. § 1446(b) as an "absolute bar" to removal. *Lovern v. General Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997). District courts within this circuit have interpreted *Lovern* as precluding equitable tolling of the one year limit. *Wise v. Gallagher Bassett Servs.*, 2002 U.S. Dist. LEXIS 16286, *5-8 (D. Md. 2002); *Mantz v. St. Paul Fire and Marine Ins. Co.*, 2003 U.S. Dist. LEXIS 10123, 2003 WL 21383830 (S.D. W.Va. 2003)("The Fourth Circuit has said plainly that 'in diversity cases, [28 U.S.C. § 1446(b)] . . . erect[s] an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than 1 year after commencement of the action.'").

The majority of the cases that Defendant cites to support its argument for equitable tolling are either pre-*Lovern* or fail to address *Lovern*. *See Wise v. Gallagher Bassett Servs.*, 2002 U.S. Dist. LEXIS 16286, 2002 WL 2001529 (D. Md. Aug. 27, 2002) (post-*Lovern* case which relies on *Saunders* and does not address *Lovern*); *Saunders v. Wire Rope Corp.*, 777 F. Supp. 1281 (E.D. Va. 1991) (pre-*Lovern*); *Sheppard v. Wire Rope Corp.*, 777 F. Supp. 1285 (E.D. Va. 1991) (pre-*Lovern*). These cases provide little, if any, guidance. Only one court in this Circuit has acknowledged *Lovern* but denied remand. *Rauch v. Rauch*, 446 F. Supp. 432, 435-36 (D. S.C. 2006). The *Rauch* court noted the

confusion caused by *Lovern*'s dicta, chose to simply assume that tolling could occur, and certified that question for immediate appeal to the Fourth Circuit. That appeal was never heard.

This Court thus finds that equitable tolling is likely not available within this Circuit. Even assuming that it were, however, the Court finds that the circumstances presented here do not trigger such equitable considerations. Neff as the retailer of the construction equipment involved in this products liability action, is a legitimate defendant to this action. Neff's presence as a defendant destroyed the complete diversity of the parties, preventing federal subject-matter jurisdiction. Finally, while Plaintiff failed to serve Neff within one year due to its own delay, this failure does not, without more, constitute "inequitable conduct."

This is especially so in light of the settled principle that courts construe the removal statute strictly because removal, by its nature, infringes upon state sovereignty. *See Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D. Va. 1990); *Crockett v. Gen. Motors Corp.*, 2008 WL 5234702, at *2 (E.D. Va. Dec. 15, 2008). Plaintiff points out that district courts have noted that their remand orders are generally unreviewable and, therefore, found that they should exercise caution in denying defendants access to the federal forum. *See Linnin v. Michielsens*, 372 F. Supp. 2d 811, 817 (E.D. Va. 2005)

8

(quoting 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739 (3d ed. 1990)); *Semtek Intern., Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914-15 (D. Md. 1997).  A desire for caution and extra attention to these matters is wise, but works in concert with, rather than in opposition to, the principal of strict construction of the removal statute.

The Court will remand this action for failure to abide by the time limits in 28 U.S.C. 1446(b).[3]  Based on this decision, the Court finds that it is not necessary to address the issue, raised only by Defendant CNH in opposition to Plaintiff's Motion for Remand, of whether all the required parties consented to removal of this action.  *See* Def.'s Mem. in Opp'n at 9.

### III.  Conclusion

For these reasons, the Court will grant the motion.

An appropriate Order will issue.


January 23, 2009              _____/s/_____
Alexandria, Virginia                James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE

---

[3] This decision applies regardless of whether McCray was in fact a citizen of Virginia or of Louisiana.